EARL W. SPENCER v. JOHN M. CRAMBLETT.
No. 8128.

MALICIOUS PROSECUTION —*Damages* — *Verdict not Disturbed.* In an action for malicious prosecution, damages may be recovered for injuries to reputation and business, and an award of $2,500, under the facts of this case, does not warrant this court in interfering on the ground that the verdict is excessive.

*Error from Edwards District Court.*

THE opinion herein, filed May 9, 1896, contains a sufficient statement of the case.

*F. Dumont Smith,* for plaintiff in error.

The opinion of the court was delivered by

ALLEN, J. : Defendant in error brought suit against plaintiff in error and one Fred I. Boies, alleging that the defendants maliciously, and without probable cause, caused him to be arrested and confined in the jail of Edwards county under a warrant duly issued by a justice of the peace ; that the prosecution was dismissed ; that he had been subjected to loss of health, mental anguish, and greatly injured in his business and reputation, and asked judgment for $5,-000 damages.

Although it is argued that the petition states a cause of action for false imprisonment, it is very clear that it does not, but does state one for malicious prosecution. The jury awarded the plaintiff $2,500 damages — $200 for damages to business, and $2,300 for damage to reputation — against the defendant Spencer only. Damages to reputation were properly allowed, and we cannot say that the amount is excessive. The charge on which the plaintiff was arrested was that he had given a chattel mortgage to the Edwards

County Bank, of which Spencer was president, on certain personal property which was subject to a prior mortgage, without referring to the same in the mortgage to the bank. It appears that Cramblett was indebted to the bank in a considerable sum. The mortgage was given to secure an existing indebtedness, and Cramblett testifies that the bank was fully informed as to the existence of the prior mortgage before the mortgage to it was executed. There is evidence tending to show that the arrest was made for the purpose of extorting money from Cramblett on his indebtedness to the bank, and that Spencer fully understood that in giving the chattel mortgage Cramblett had not violated the criminal law. The case seems to have been fairly tried. The objections to the introduction of testimony were not tenable. The instructions appear fair, and while the award of damages is somewhat liberal, the evidence established a proper case for exemplary damages.

The judgment is affirmed.

All the Justices concurring.